# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS ROMERO BURNETT,<br><br>Plaintiff,<br><br>v.<br><br>C.D.C.R TRUST OFFICE,<br><br>Defendant. | Case No.: 1:17-cv-00899-LJO-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL<br>(ECF No. 15)<br><br>ORDER REGARDING PLAINTIFF'S MOTION TO LEAVE OUT PRO SE UNDER 42 U.S.C. § 1983 IN PRISONER/CIVIL ILLEGAL DETAINEE LEGAL ASSISTANT ILLUMINATE IN SUPPORT OF STRATFORD CAREER INSTITUTE<br>(ECF No. 16) |

Plaintiff Carlos Romero Burnett is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(1)(B) and Local Rule 302.

Currently before the Court are (1) Plaintiff's motion for the appointment of counsel, filed July 24, 2017 (ECF No. 15); and (2) Plaintiff's motion entitled, "Leave out pro se under 42 U.S.C. § 1983 in prisoner/civil illegal detainee legal assistant Illuminati in support of Stratford Career Institute," filed July 20, 2017 (ECF No. 16). The Court will address each motion in turn.

1

## I.

## MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff states that he seeks the appointment of counsel, and states that judges have appointed lawyers for prisoners who filed section 1983 suits on their own.

Plaintiff does not have a constitutional right to appointed counsel in this action, <u>Rand v. Rowland</u>, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C.§ 1915(e)(1), <u>Mallard v. United States District Court for the Southern District of Iowa</u>, 490 U.S. 296, 298, 109 S. Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). <u>Rand</u>, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." <u>Id</u>. (internal quotation marks and citations omitted).

Circumstances common to most prisoners, such as non-attorney status and limited law library access, do not establish exceptional circumstances that would warrant a request for the voluntary assistance of counsel. In the present case, the Court has yet to screen Plaintiff's complaint, and based on a cursory review of the record, the Court does not find the required exceptional circumstances.

Accordingly, Plaintiff's motion for appointment of counsel is denied, without prejudice.

## II.

## MOTION FOR MISCELLANEOUS RELIEF

Plaintiff's states in his second motion that he is a paralegal or legal assistant. Plaintiff seeks for the Court to refer to Plaintiff as a "Paralegal Legal Assistant Plaintiff" in this civil rights action. The Court declines to refer to Plaintiff as such at this time.

///
///
///

## III.
## CONCLUSION

For these reasons, it is HEREBY ORDERED:

1. Plaintiff's motion for the appointment of counsel, filed July 24, 2017 (ECF No. 15), is denied, without prejudice; and,

2. Plaintiff's motion entitled, "Leave out pro se under 42 U.S.C. § 1983 in prisoner/civil illegal detainee legal assistant Illuminati in support of Stratford Career Institute," filed July 20, 2017 (ECF No. 16), is denied.

IT IS SO ORDERED.

Dated: **August 4, 2017**

UNITED STATES MAGISTRATE JUDGE