UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS ROMERO BURNETT,<br><br>Plaintiff,<br><br>v.<br><br>C.D.C.R TRUST OFFICE,<br><br>Defendant. | Case No.: 1:17-cv-00899-LJO-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO COMPLY WITH A COURT ORDER AND FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>[ECF Nos. 1, 22]<br><br>FOURTEEN-DAY DEADLINE |

Plaintiff Carlos Romero Burnett is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(1)(B) and Local Rule 302.

On August 10, 2017, the Court dismissed Plaintiff's complaint and granted Plaintiff thirty days to file an amended complaint or a notice of voluntary dismissal. Plaintiff was warned that if he failed to comply, this action would be dismissed for failure to state a claim, the failure to obey a court order, and the failure to prosecute. More than thirty days have passed, and Plaintiff has not complied with or otherwise responded to the order.

The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles Cnty., 216 F.3d 837, 841 (9th Cir. 2000). In determining whether to dismiss an action, the Court must weigh

1

"(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." In re Phenylpropanolamine (PPA) Prod. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006) (internal quotations and citations omitted). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. Id. (citation omitted).

Based on Plaintiff's failure to comply with or otherwise respond to the Court's order, the Court is left with no alternative but to dismiss the action for failure to prosecute. Id. This action can proceed no further without Plaintiff's cooperation and compliance with the order at issue, and the action cannot simply remain idle on the Court's docket, unprosecuted. Id.

Accordingly, it is HEREBY RECOMMENDED that the instant action be dismissed for failure to state a cognizable claim for relief, failure to obey a court order, and failure to prosecute.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **September 19, 2017**

UNITED STATES MAGISTRATE JUDGE

2