UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS ROMERO BURNETT,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>C.D.C.R TRUST OFFICE,<br><br>　　　　　Defendant. | Case No.: 1:17-cv-00899-LJO-SAB (PC)<br><br>ORDER VACATING FINDINGS AND RECOMMENDATIONS, AND GRANTING PLAINTIFF THIRTY DAYS TO FILE AN AMENDED COMPLAINT<br><br>[ECF Nos. 1, 22]<br><br>THIRTY-DAY DEADLINE |

Plaintiff Carlos Romero Burnett is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(1)(B) and Local Rule 302.

On August 10, 2017, the Court dismissed Plaintiff's complaint and granted Plaintiff thirty days to file an amended complaint or a notice of voluntary dismissal. Plaintiff did not comply with that order within the time permitted. Thus, on September 19, 2017, the undersigned issued Findings and Recommendations recommending dismissal of the action for failure to state a cognizable claim for relief, failure to obey a court order, and failure to prosecute.

On September 28, 2017, Plaintiff filed objections to the Findings and Recommendations, stating some additional allegations and arguments in support of his claim. In light of Plaintiff's additional allegations and in the interest of justice, the Court will vacate the Findings and

1

Recommendations and grant Plaintiff one additional opportunity to amend the complaint to add any additional allegations and attempt to present a cognizable claim. Plaintiff is advised that the amended complaint should be brief, Fed R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). In addition, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level…." Bell Atlantic Corp. v. Trowmbly, 550 U.S. 544, 555 (2007). Finally, Plaintiff is advised that an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997), overruled in part on other grounds, Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Plaintiff is admonished that he must comply with court orders, especially when it comes to deadlines. The deadlines set by the court are not recommendations, but orders. Future orders may not be vacated if Plaintiff is untimely in meeting deadlines.

Accordingly, it is HEREBY ORDERED that:

1. The Findings and Recommendations, issued September 19, 2017, are vacated;

2. Plaintiff is granted **thirty (30)** days from the date of service of this order in which to file an amended complaint; and

3. If Plaintiff fails to comply with this order, the Court will re-issue the Findings and Recommendations recommending dismissal of the action.

IT IS SO ORDERED.

Dated: **October 2, 2017**

_____
UNITED STATES MAGISTRATE JUDGE